KENNEDY, JENNIK & MURRAY, P.C.
Attorneys for Plaintiff
113 University Place - 7th Floor
New York, New York 10003
(212) 358-1500



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JAMES ANDERSON, as Trustee of the
LOCAL 966 HEALTH FUND and the
LOCAL 966 PENSION FUND,

                        Plaintiff,

     -against-

PARAMUS MUFFLER DBA/MIDAS MUFFLER,

                        Defendant.
-----------------------------------------------------------------x



05 Civ.

**COMPLAINT**

       Plaintiff, by his attorneys, Kennedy, Jennik & Murray, P.C., complaining of defendant, respectfully alleges as follows:

### NATURE OF ACTION

       1.     This is an action arising under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., to recover delinquent contributions owed to a multi-employer health and pension fund.

## JURISDICTION AND VENUE

2.     This court has subject matter jurisdiction to hear these claims under Section 301 of the LMRA, 29 U.S.C. § 185; Sections 502(d)(1) and (e)(1) and (2), and 515 of ERISA, 29 U.S.C. §§ 1132(d)(1) and (e)(1) and (2), and 1145; and 28 U.S.C. §§ 1331. Venue in this District is proper because plaintiff resides in this District.

## PARTIES

3.     Plaintiff James Anderson ("Anderson") is a Trustee of the Local 966 Health Fund ("Health Fund") and the Local 966 Pension Fund ("Pension Fund") (collectively "Funds"). The Health Fund is an "employee welfare benefit plan" under Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Pension Fund is an "employee pension benefit plan" and a "multi-employer plan" under Section 3(2) and (37) of ERISA, 29 U.S.C. § 1002(2) and (37). The Funds are employee benefit trust funds under Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). Anderson is a "fiduciary" of the Funds under Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

4.     Defendant Paramus Muffler ("Paramus Muffler" or "the Employer"), is an employer as defined by Section 2(2) of the NLRA, 29 U.S.C. § 152(2); Section 301(a) of the LMRA, 29 U.S.C. § 185(a); and Section 3(5) of ERISA, 29 U.S.C. § 1002(5). Defendant's principal place of business is at 500 Route 17, Paramus, New Jersey 07652.

## AS AND FOR A CAUSE OF ACTION

5.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 4 as if fully set forth herein.

6.  Paramus Muffler and Local 966, International Brotherhood of Teamsters, AFL-CIO, a labor organization as defined by Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), were at all material times hereto bound by a collective bargaining agreement (the "Contract"), which required Paramus Muffler to remit monthly contributions to the Funds on behalf of each employee covered by the Contract. The Contract sets forth the rate of contribution Paramus Muffler is obligated to make in each year of the agreement. The Funds' Delinquency Collection Guidelines and the Funds' Trust Agreements provide that in collection proceedings, the Funds shall be entitled to interest on late contributions accrued at the rate of 12 percent per annum, costs, and expenses, including attorneys' fees.

7.  Paramus Muffler failed to remit all or part of the contributions due to the Health Fund for November 2004 through October 2005 and failed to remit contributions in a timely manner for May 2004 through October 2005 in violation of Section 301 of the LMRA and Section 515 of ERISA, 29 U.S.C. § 1145. Paramus Muffler failed to remit all of the contributions due to the Pension Fund for March 2005 through October 2005 in violation of Section 301 of the LMRA and Section 515 of ERISA, 29 U.S.C. § 1145. Paramus Muffler owes the Health Fund a total of $17,470.00 in contributions and $1,203.21 in interest. Paramus Muffler owes the Pension Fund a total of $2,000.00 in contributions and $63.77 in interest. Interest at 12 percent per annum continues to accrue on the delinquent contributions.

WHEREFORE, plaintiff demands judgment:

1.  Awarding plaintiff payments owed to the Funds;
2.  Awarding plaintiff prejudgment interest at 12 percent per annum;

3. Awarding plaintiff further interest on the unpaid amounts at the rate as determined pursuant to 29 U.S.C. § 1132(g)(2)(B);

4. Awarding plaintiff the greater of the interest as set forth above and liquidated damages in the amount of 20 percent of the unpaid amounts pursuant to 29 U.S.C. § 1132(g)(2)(C)(i) and (ii);

5. Awarding plaintiff reasonable attorneys' fees and the costs of this action to be paid by the defendant pursuant to 29 U.S.C. § 1132(g)(2)(D); and

6. Granting such other and further relief as the Court deems proper.

Dated: New York, New York
November 30, 2005

KENNEDY, JENNIK & MURRAY, P.C.
Attorneys for Plaintiff

By: _____
Elizabeth M. Pilecki (EP-5805)
113 University Place, 7th Floor
New York, New York 10003
(212) 358-1500                    5.